IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2159-FL

| | | |
|---|---|---|
| DONALD L. GREEN, | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| CRAIG APKER, | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion to dismiss, or in the alterative, for summary judgment pursuant to Federal Rule of Civil Procedure 56[1] (DE 8). The motion was fully briefed. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**BACKGROUND**

On August 1, 2005, petitioner was sentenced to a one hundred eighty-eight (188) month term of imprisonment for possession of a firearm by a convicted felon in the United States District Court for the District of South Carolina. (Pet. ¶¶ 2-4; Coll Decl.[2] ¶ 3.) Petitioner's projected release date is January 31, 2019. (Coll Decl. ¶ 3.) At some point, petitioner was transferred to the Federal Medical Center in Butner, North Carolina ("Butner").

---

[1] Because the parties attached matters that are outside of the pleadings, the court construes respondent's motion as a motion for summary judgment.

[2] Cornelia J. Coll submitted a declaration in support of respondent's motion for summary judgment. Coll is employed by the Federal Bureau of Prisons as a paralegal specialist. (Coll Decl. ¶ 1.)

Medical staff at Butner diagnosed petitioner with stage IV squamous cell lung cancer, and petitioner requested a sentence reduction due to his medical condition. (Pet'r's Resp. Attach. p. 4 and Coll Aff. ¶ 5.) On August 21, 2012, Butner's reduction in sentence committee ("Committee") met to review petitioner's personal history, the nature of his medical condition, his prognosis, and his proposed release plan to determine whether petitioner was eligible for a sentence reduction. (Id.) Upon a review of this information, the Committee recommended that petitioner's request for a sentence reduction be denied due to concerns about petitioner's ability to re-offend despite his poor prognosis. (Id.) On August 29, 2012, the warden concurred with the Committee's recommendation, and denied petitioner's request for a reduction in sentence. (Id.) Petitioner then appealed the warden's decision through the Federal Bureau of Prison's ("BOP") administrative remedy program. (Id. ¶ 7.) Petitioner's appeals were denied. (Id.)

After the denial of his first request for a sentence reduction, petitioner filed a second request. (Id. ¶ 6.) On May 29, 2013, the Committee again met and reviewed petitioner's history, the nature of his medical condition (including his prognosis of a six-twelve (12) month life expectancy), and his proposed release plan to determine if he now was eligible for a sentence reduction. (Id.) The Committee again recommended that petitioner's request be denied due to petitioner's violent criminal history and ability to re-offend. (Id.) On June 20, 2013, both Butner's warden and associate warden concurred with the Committee's recommendation, and denied petitioner's request for a reduction in sentence.[3] (Id.)

---

[3] Petitioner did not file any complaints or appeals through the BOP's administrative remedy program with respect to the June 20, 2013, denial of his request for reduction in sentence. (Coll Decl. ¶ 7.)

2

On July 22, 2013, petitioner, acting *pro se*, filed this habeas petition pursuant to 28 U.S.C. § 2241. Petitioner asserts that the warden arbitrarily refused to follow the BOP's regulations by improperly weighing petitioner's functionality over his medical condition, and requests that the court direct that he be released from the Federal Bureau of Prisons ("BOP") custody. Alternatively, petitioner requests that the court order the BOP to move the sentencing court for a reduction in sentence, or compassionate release.

Respondent subsequently moved for summary judgment, arguing that petitioner is not entitled to the relief he requests. The motion was fully briefed.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Petitioner seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) allows the sentencing court, upon motion of the BOP, to reduce an inmate's term of

3

imprisonment for the following reasons: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) the inmate is at least seventy (70) years of age, has served at least thirty (30) years in prison for a sentence under [18 U.S.C.] § 3559(c), and the BOP has determined the inmate does not pose a danger to anyone or the community; and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Here, the BOP has denied petitioner's request for release pursuant to § 3582(c)(1)(A). "[A] number of courts have determined that the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable." See Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011) (per curiam) (collecting cases); see also, Shemami v. Revell, No. 5:12-HC-2133-FL, 2013 WL 1164510, at *2 (E.D.N.C. Mar. 20, 2013) ("Courts consistently have denied motions seeking compassionate release unless they are filed by the Director of the BOP."), aff'd, 541 F. App'x 261 (4th Cir. Oct. 2, 2013); Slate v. United States, 2009 WL 1073640, at *3 (S.D.W. Va. April 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release."). Thus, petitioner may not seek review of the BOP's decision. Id. To the extent that petitioner is seeking a court order granting him compassionate release, the court lacks authority to grant relief where the Director of the BOP or the government have not moved for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); see United States v. Powell, No. 02-35935, 2003 WL 21418427, at *1 (9th Cir. June 9, 2003); see also, United States v. McCann, No. 1:02CR00075, 2003 WL 2002776, *1 (W.D. Va. Apr. 30, 2003) (finding that court could not modify the defendant's sentence because of daughter's illness where the Director of the BOP had not moved for modification).

4

Even if the BOP's decision to deny petitioner's request for a reduced sentence was reviewable in the context of a § 2241 petition, this court would not disturb the BOP's decision. Cf. Major v. Apker, No. 13-7210, 2014 WL 2900956, at *3 (4th Cir. June 27, 2014) (finding that the district court may review under § 2241 the BOP's ruling on an inmate's request for sentence credit to determine whether the BOP abused its discretion). As stated, § 3582(c)(1)(A) provides the BOP discretion to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." The Committee and the warden considered the circumstances cited by petitioner in support of petitioner's request for a sentence reduction, but made the determination to deny petitioner's request due to his violent criminal history and ability to re-offend. The BOP's decision was made in accordance with its regulations. Further, the BOP considered factors which are pertinent to the exercise of its discretion and gave a plausible explanation for the exercise of its discretion. Thus, the BOP's decision to deny petitioner's request for a sentence reduction was not an abuse of discretion. See Jarvis v. Stansberry, No. 2:08CV230, 2008 WL 5337908, at *4 (E.D. Va. Dec. 18, 2008) ("There is nothing arbitrary or capricious about the Warden following BOP guidelines and general procedure in rejecting petitioner's request for compassionate release."). Accordingly, respondent's motion for summary judgment must be granted.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 8) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 11th day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge